COPY                                                Original

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel

<u>ENRIQUE HENRY GARZA</u>   NO. Cr-96-19-ORL-18   FILED
Full name & prison number #18258-018                SCRANTON
(if any) of Petitioner
                                                    JUN 2 2 2001

   v.
<u>DONALD ROMINE, WARDEN
UNITED STATES OF AMERICA PENITENTIARY</u>   PER ____
Name of Respondent                          DEPUTY CLERK

1:CV01-1128

(PERSONS IN FEDERAL CUSTODY)

PETITION FOR WRIT OF HABEAS CORPUS

Instructions — READ CAREFULLY

   1. In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

   2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

   3. When the petition is completed, the <u>original and three copies</u> shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa. 18501.

   If you are unable to pay the $5.00 filing fee for this action, you may petition the court to proceed <u>in forma pauperis</u>. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

1. Place of detention <u>USP Lewisburg  P.O. Box 1000  Lewisburg, PA. 17837</u>

2. Name and location of court which imposed sentence <u>US District Court Middle District of Florida  80 N. Hughey Ave. Orlando, Florida 32801</u>

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

   (a) <u>21 USC 846  21 USC sec. 841(a)(1).  Count One</u>

   (b) <u>21 USC Sec. 841(a)(1) 18 USC 2  Count Six</u>

   (c) <u>21 USC 846</u>

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) <u>07-17-96  Counts One, Six, Seven</u>

   (b) <u>To a Term of 480 months</u>

   (c) _____

5. Check whether a finding of guilty was made

   (a) after a plea of guilty _____

   (b) After a plea of not guilty <u>X</u>

   (c) after a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

   (a) a jury <u>X</u>

   (b) a judge without a jury _____

7. Did you appeal from the judgment of conviction or the imposition of sentence? <u>yes</u>

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

   i. _US Circuit Court of Appeals 11TH Cir._

   ii. _____

   iii. _____

   (b) the result in each such court to which appealed:

   i. _AFFIRMED_

   ii. _____

   iii. _____

   (c) the date of each such result:

   i. _9/17/97_

   ii. _____

   iii. _____

   (d) if known, citations of any written opinions or orders entered pursuant to such results:

   i. _No opinions cited, just causes be and_

   ii. _the same are hereby Affirmed_

   iii. _____

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

   (a) _See Memorandum attached_
   _ineffective assistance of Counsel in violation of the Sixth Amendment guarantees._

   (b) _See Memorandum attached_
   _Petitioner's Due Process rights Protects against conviction except upon proof beyond a reasonable doubt of every fact neccessary to constitute a crime with which he is charged. Petitioner was charged with 841(a)(1) 846 and was sentenced under 841(b)(1)(A) and 846 in violation of recent Apprendi where No quantity was charged or proven to the jury._

   -3-

(b) "CONTINUED" District Court erred in enhancing Petitioners Base offense Level by(4) 4 Levels for organizer/Leader "Role in offense.
District Court erred in attributing quantity of drugs of 40 pounds to Petitioner at sentencing, when District Court committed legal error in attributing entire quantity of conspiracy to Petitioner Based on mere fact of conspiracy charge, and committed clear error when evidence Demonstrated that Petitioner did not agree to or participate in transaction totalling entire amount.

(c) Petitioner was sentenced under the career criminal as defined USSG §4B.1. These priors do not qualify under serious drug crimes. as needed to be use as predicate priors. Petitioner is not challenging the priors, Petitioner is challenging the use of unqualified priors to Charge for Career offender under Serious Drug offense that are not found to fit the meaning of serious drug crimes. Category VI should not apply.

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

  (a)     See attached Memorandums for (a)(1),(2),(3)
          of Law


  (b)     See attached Memorandums (b)(1)(2)
          of Law


  (c)     See attached Memorandums (c)
          of Law

-4-

11. Have you filed previous petitions for habeas corpus motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

    yes

12. If you answered "yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof:

    i. Motion under 28 USC 2255 Case No. 96-019
    ii. -CR-ORL-18 (98-824-Civ-ORL-18
    iii. _____

    (b) the name and location of the court in which each was filed.

    i. US District Court Middle District of Florida
    ii. ORLANDO Division
    iii. _____

    (c) the disposition thereof.

    i. 2255 Motion denied dismissed with
    ii. prejudice
    iii. _____

    (d) the date of each such disposition:

    i. 3/17/99
    ii. _____
    iii. _____

(e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

   i. _See Exhibit A_

   ii. _____

   iii. _____

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

(a) The 11th Cir., following the Seventh Cir.'s, approach has taken a more restrictive view. In Wofford v. Scott, 177 F3d 1236, 1242 (11th Cir 1999), the court held that resort to § 2241 is appropriate only where: (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the
(b) holding of that Supreme Court decision establishes the petitioner was
(see Reverse side for continued (a) response

(see Reverse side for 13 (b))

(c) Eleventh Cir. will not entertain a second or successive 2255 under Teague v. Lane 489 U.S. 288 (1989)

(3rd Cir. West v. Vaughn, 204 F3d 53, 66, CRL 513 will apply retroactively in absence of an express Ruling on Retroactivity.

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application: yes.

-6-

15. If you answered "yes" to (14), identify

    (a) which grounds have been previously presented:

    1. ineffective assistance of counsel
    ii. failure to seek evidentiary hearing after trial, but
    iii. before sentencing for Petitioner regarding role in conspiracy.

    (b) the proceedings in which each ground was raised:

    i. 28 USC 2255
    ii. 
    iii. 

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea: yes
    (b) your trial, if any: yes
    (c) your sentencing: yes
    (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

    yes

    (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:

    No

17. If you answered "yes" to one or more parts of (16), list

    (a) the name and address of each attorney who represented you:

    1. Jack T. Edmund, Esq. 423 Pool Branch Road Fort Meade, FL. 33841

-7-

   11. _Clarence William Counts Jr.  Ass Federal Public Defender_

   iii. _____

(b) the proceedings at which each such attorney represented you:

   i. _(Mr Counts JR for Arraignment)_

   ii. _Jack T Edmund  Trial, sentencing,_

   iii _and Appeal (Mr Steve Kackley trial co-counsel)_

18. If you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information (see instructions, page 1 of this form).

            Executed at _USP Lewisburg  Lewisburg PA._
                        Name of Institution, city, state

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on _6-13-01_
                   Date

                              _Eugene Ybarra_
                              Signature of Petitioner

-8-

(see instructions, page 1 of this form)

## FORMA PAUPERIS DECLARATION

I, _Enrique Garza_, do hereby certify that I am a citizen of the United States of America that because of my poverty I am unable to pay the costs of said suit or action; that I am unable to give security for the same: and that I believe I am entitled to the redress I seek in said suit or action.

I have in my prison account $ _250.00_ .

Executed at _USP P.O. Box 1000 Lewisburg, PA 17837_
Name of Institution, City, and State

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _6-13-01_
Date

_Enrique Garza_
Signature of Petitioner

-9-