IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ENRIQUE HENRY GARZA,           :
                               :
        Petitioner             :
                               :    CIVIL ACTION NO. 1:CV-01-1128
    v.                         :
                               :
DONALD ROMINE, et. al.         :    (Judge Rambo)
                               :
        Respondents            :    FILED
                                    HARRISBURG, PA

                                    AUG 0 6 2001

**MEMORANDUM AND ORDER**

                                    MARY E. D'ANDREA, CLERK
                                    Per _____
                                         Deputy Clerk

Certified from the record
Date  8-6-01
Mary E. D'Andrea, Clerk
Per _____
     Deputy Clerk

    Enrique Garza, a federal prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 25, 2001. Garza is currently confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"). Petitioner also filed a motion to proceed in forma pauperis (Doc. 3) which will be granted. Named as respondents in the habeas petition are Donald Romine, Warden of USP Lewisburg, and the United States of America.

    In the habeas petition (Doc. No. 2, Memorandum of Law in Support of Petition), Garza challenges his 1996 federal conviction and sentence in the

United States District Court for the Middle District of Florida for conspiring to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and attempt to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §846. (Id. at 5.) Petitioner relies upon Apprendi v. New Jersey, 530 U.S. 466 (2000), to challenge his conviction.

Garza filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed the conviction and sentence in 1997. (Id. at 6.) Garza later filed a motion with the trial court under 28 U.S.C. § 2255 to challenge his conviction and sentence. The motion was denied in 1999.

In the instant petition, Garza raises three grounds for habeas relief which include: (1) ineffective assistance of counsel in violation of the Sixth Amendment guarantees; (2) his Apprendi claim for failure to charge and prove beyond a reasonable doubt the quantity of drugs; and (3) the use of

2

unqualified priors to charge for career offender. (Doc. 1, Petition.) Petitioner concedes that the ineffective assistance of counsel claim was previously presented in his §2255 motion. (Id. at 7.) Petitioner states that a §2255 motion is inadequate or ineffective at this time because the Eleventh Circuit will not entertain a second or successive §2255 because the Eleventh Circuit has found that Apprendi does not apply retroactively. (Id. at 6.) Because Garza is not properly before this court, his petition will be dismissed without prejudice as to any right he may have to move in the Eleventh Circuit for an order authorizing the district court to consider his application for a successive petition.

## DISCUSSION

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Garza is clearly maintaining that both his federal conviction and sentence violated his constitutional rights.

3

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention." (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See <u>id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162

4

(9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge

5

his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

That Apprendi had not been decided when Garza was convicted and sentenced is irrelevant because that did not prevent Garza from raising an Apprendi-like claim on direct appeal or in a §2255 motion. See United States v. Sanders, 247 F.3d 139, 144-46 (4th Cir. 2001) (failure to raise Apprendi-like claim on direct review from criminal conviction constituted procedural default for which the defendant could not establish "cause" to justify raising it via habeas review); United States v. Smith, 241 F.3d 546 (7th Cir. 2001) (rejecting petitioner's futility argument that the federal circuits would have rejected his Apprendi-like arguments had he raised it on direct appeal). See also Bousley v. United States, 523 U.S. 614, 622-23 (1998) (failure to raise Bailey claim on direct review could not be excused as futile simply because the "claim was unacceptable to that particular court at that particular time.") Petitioner's anticipated rejection by the Eleventh Circuit regarding his claims does not meet the narrow exception contemplated by Dorsainvil and does not authorize consideration of his § 2241 petition.

Although it is unnecessary for this court to make a determination as to whether <u>Apprendi</u> should be applied retroactively in Garza's case since he is not properly before this court, this court would have found that <u>Apprendi</u> does not apply retroactively and dismissed the <u>Apprendi</u> claim. See <u>Tyler v. Cain</u>, ____ S.Ct. ____, 2001 WL 720703 (June 28, 2001);[1] see also <u>Sanders</u>, 247 F.3d 139; <u>Levan v. United States</u>, 128 F.Supp.2d 270, 275-76 (E.D.Pa. 2001); <u>United States v. Gibbs</u>, 125 F.Supp.2d 700, 703 (E.D.Pa. 2000). Furthermore, because petitioner's ineffective assistance of counsel claim has already been decided by the Eleventh Circuit, that claim will be dismissed pursuant to 28 U.S.C. § 2244(a). That Garza's claims may be foreclosed because of the procedural restrictions that Garza thus far has been unable to satisfy or might not be able to satisfy does not alter the fact a writ of habeas corpus under § 2241 is not available in this case. Accordingly, **IT IS HEREBY ORDERED THAT:**

---

1. In <u>Tyler</u>, the Supreme Court addressed a provision barring successive § 2244 motions, 28 U.S.C. § 2244(b)(2)(A), which provision is identical to the provision barring successive §2255 motions as it relates to new Supreme Court decisions made retroactive to cases on collateral review. The Supreme Court concluded that a successive § 2244 motion is barred unless it **itself** holds that a decision it made applies retroactively to cases on collateral review. The Supreme Court has not made <u>Apprendi</u> retroactive to cases on collateral review.

1. Petitioner's motion to proceed in forma pauperis (Doc. 3) is granted.

2. The petition for a writ of habeas corpus is dismissed, without prejudice to any right Garza may have to move in the appropriate court of appeals for an order authorizing the district court to consider the successive §2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a certificate of appealability.

SYLVIA H. RAMBO
United States District Judge

Dated: August  6 , 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 6, 2001

Re:   1:01-cv-01128   Garza v. Romine

True and correct copies of the attached were mailed by the clerk to the following:

Enrique Henry Garza
U.S. Penitentiary at Lewisburg
18258-018
P.O. Box 1000
Lewisburg, PA   17837

cc:
Judge                            (X)            (X) Pro Se Law Clerk
Magistrate Judge                 ( )            ( ) INS
U.S. Marshal                     ( )            ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    (X)
Federal Public Defender          ( )
Summons Issued                   ( )   with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )   with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )   PA Atty Gen ( )
                                            DA of County ( )   Respondents ( )

Bankruptcy Court                 ( )
Other_____      ( )

                                              MARY E. D'ANDREA, Clerk

                                              BY: /s/ [signature]
                                                  Deputy Clerk

DATE: August 6th, 2001